## Case No. 5,064.

### FRASER v. WELLER et al.

[6 McLean, 11.] [1]

Circuit Court, D. Michigan. June Term, 1853.

[1] [Reported by Hon. John McLean, Circuit Justice.]

Mr. ——, for plaintiff.
Mr. Hawkins, for defendants.

OPINION OF THE COURT. This is an action of ejectment. In addition to the general issue, Weller, the defendant, pleaded that the grantor of the plaintiff had heretofore instituted an action of ejectment against the defendant for the same premises, in which a trial was had, and a judgment rendered for the defendant in the state court. To this plea the plaintiff replied, that the said judgment had been set aside and a new trial granted. The defendant demurred to this replication; and assigned as cause of demurrer, that the Revised Statutes of 1846 abolished the ancient forms in the action of ejectment, and authorized a statutory action; and that by section 35 it is declared that the judgment in the action should be conclusive. But that the thirty-sixth section authorized the court to grant a new trial, under certain circumstances, and declared that not more than two new trials shall be granted. The statute provides that the defendant, in the action of ejectment, may demur, or plead the general issue and give special matter in evidence. No special pleas, therefore, can be allowed. The demurrer to the plea is, therefore, sustained.

THE COURT intimated that the special remedy given by the statute must be pursued. The first judgment in ejectment is final, unless within three years a motion is made to set aside the judgment, and the costs of the first trial are paid. This motion was made within the time limited, and the costs were paid, so that the judgment was vacated, under the statute. And the question arises whether under such circumstances, the suit may be brought in this court. If the first judgment had not been set aside, under the statute, it would have been final. It was set aside without cause, on the motion being made within the time limited. The judgment was vacated under the statute, which was a part of the proceeding authorized; this being done, the party is not at liberty to resort to this tribunal. It would be a fraud upon the law. For aught that appears, the first judgment could not have been set aside, except under the provisions of the statute. This remedy having been claimed under the statute, the party is bound to go on with another trial. Having set aside the bar to another suit, he does so, under an obligation to pursue the special remedy under the statute. He cannot claim the remedy in part, to his advantage, and then abandon it to the injury of the other party.