June Term,
1860.

CUNNINGHAM
v.
THE CITY OF
MILWAUKEE.

CUNNINGHAM vs. THE CITY OF MILWAUKEE.

The provision for the granting of a new trial in an action of ejectment, contained in sec. 20, chap. 141, R. S. 1858, was designed to secure a new trial *of the same cause* before the same court in which the action is first tried, unless the place of trial thereof is legally changed. The plaintiff in such action, against whom judgment has been rendered upon the first trial, cannot, after obtaining a new trial under that section, discontinue the cause, and commence a new action in the same or a different court.

APPEAL from the Circuit Court for *Milwaukee* County.

The opinion of this court states as much of the case as is necessary for a full understanding of the decision. The circuit court gave judgment for the plaintiff, *Cunningham*.

*J. La Due*, city attorney, and *Palmer & Stark*, for the appellant, contended, among other things, that the plaintiff could not discontinue his suit in the district court, after taking a new trial under sec. 33, chap. 106, R. S. 1849, (sec. 20, chap. 141, 1858) and then commence another action in another court, citing *Fraser vs. Weller*, 6 McLean, 11.

*E. Mariner*, for the respondent, contended that the record of the district court in the case of *Cunningham vs. The City of Milwaukee* was no bar to this suit, because it showed that the judgment obtained on the first trial had been vacated, and that on the second trial the plaintiff submitted to a nonsuit; that he was as much entitled to become voluntarily nonsuited on the new trial as on the first (Graham's Practice, 517–18); and that this court would not reverse the decision of the district court in granting such nonsuit.

January 2.    *By the Court*, DIXON, C. J. This is an action of ejectment, commenced by the respondent, *Cunningham*, in the circuit court of Milwaukee county, to recover possession of a certain piece of land, situated within the city of Milwaukee, and occupied by it as a public highway. In addition to the general denial, the answer sets forth two special matters of defense, one of which is, that the respondent heretofore instituted an action of ejectment against the appellant, for the same premises, in the district court of the United States for the district of Wisconsin, in which a trial upon the merits

was had, and a verdict and judgment given for the appellant.
The judgment thus rendered in the district court is insisted
upon as a bar to the present action. Upon the trial, the
averments of the answer in this respect were fully sustained
by the proof. But it likewise appeared from the transcript
of the proceedings in the district court, that the respondent,
within one year after the rendition of the judgment in that
court, paid the costs and damages thereby recovered, and
upon a regular application procured from the court an order
vacating the judgment and granting a new trial, under the
provisions of the statute now found as section 20, chapter
141, R. S. ; and that subsequently he took judgment of non-
suit in the action. The circuit judge ruled out the record
of the proceedings in the district court as immaterial. The
question which arises upon this branch of the case is as to
the correctness of this ruling. Being of opinion that it was
erroneous, and that its correct determination puts an end to
the present controversy, we shall discuss no other.

The forms of proceeding in the action of ejectment are,
with us, controlled entirely by statutory provision. The
privilege of a second trial, upon payment of costs and dam-
ages and without cause shown, when the action has once
been fairly tried upon its merits and judgment perfected, is
special and statutory. In giving effect to it, we must take
into consideration the purposes for which it was granted;
the intention of the legislature in conferring it. It is very
evident to us, and we think it must be to every one, that the
design was to give to the defeated party the benefit of
another trial before the court in which the cause is pending.
It is granted purely as a matter of favor, and without refer-
ence to the merits of the cause of action or defense of the
party asking it, as they appeared at the previous hearing, or
to any technical irregularities which may have intervened.
The only condition imposed is that the party applying pay
to the successful party the costs and damages which are just-
ly and legally due to him. When this is done, in the lan-
guage of the statute, "a new trial in such cause" is granted
him. This language plainly defines the meaning and extent
of the privilege. It is a new trial of that identical cause

June Term,
1860.

CUNNINGHAM
v.
THE CITY OF
MILWAUKEE.

which is given, and which must, of course, be had before the court in which the suit is then pending, unless the place of trial is otherwise legally changed. The vacating the judgment and ordering the new trial are one act or proceeding. The former is done in order to make way for the latter. A new trial of the same cause is the proceeding authorized, and it can be had only before the court then having jurisdiction, or some other to which the suit may lawfully be transferred. If, therefore, the party obtaining it desires a new trial, he must comply with the requirements of the statute. He must proceed to it in the same action and before the same court that granted it. He cannot, because he happens to be plaintiff, be permitted afterwards to abandon the suit altogether, and commence a new one before the same or another tribunal. This would be allowing him to turn a privilege intended for his benefit into an instrument of the greatest oppression and injustice to the opposite party. It would be an utter perversion of the liberality of the legislature, and a fraud upon the statute. For if he can do so once, he may any number of times, and thus his statutory privilege may become the means of most vexatious and harassing litigation to the defendant. The latter might always be in the anomalous and most annoying situation of ever recovering in a fair contest on the merits, and yet never obtaining a final judgment in his favor. It would be giving to a plaintiff this further and most unfair advantage, that whilst he could have a new trial as a matter of course, so often as he saw fit to bring a fresh action, it could not be claimed by the defendant more than once. The legislature certainly never could have intended any such results.

The preceding section declares that the judgment in every such action rendered upon verdict, shall be conclusive as to the title established therein, upon the party against whom it is rendered. By applying under the statute, the party impliedly admits that the former judgment was valid and regular, and that, but for the statute, it could not have been vacated or reversed. But for the statutory provision in his favor, it would still be final and a bar to another suit; and having set it aside without cause, he is bound to pursue the

special remedy pointed out by the statute. He cannot claim it in part to his advantage and then abandon it to the injury of the other party. *Fraser vs. Weller*, 6 McLean, 11.

It is unnecessary for us to decide whether the first judgment in the district court is to be considered as still in existence, or what remedy, if any, the plaintiff may have in that court. We are satisfied he has no right to prosecute his action in the courts of the state, and that is sufficient for us. Having commenced his action and taken his new trial under the statute in that court, he must abide by such relief as may there be obtained.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this opinion.