Robertson, J.
This is an action to recover possession of certain lands in the City of Hew York. It has been *673 twice tried, once Tby the Court without a Jury, and once by a Jury; in both cases the issues were found for the plaintiffs. After the first trial, a second one was obtained, under the statute, on payment of costs, without reference to the merits. A third trial is now asked for, upon the ground of a different result in an action broug’ht for an adjoining piece of land, tried since the issues in this.
The subject of controversy seems to have formed part of a larger piece of land, laid down on maps in possession of officers of the Corporation of the City of Yew York, who were the source of the defendant’s title, as a street called Cheesman street, sixty feet wide. The principal question involved in the trial of the issues in this cause, on both occasions, seems to have been, whether the site of half such street, including the premises in question, were embraced, or not, in a grant by the Sheriff of Yew York, on a sale by him, on execution against Medcef Eden, from the grantees in which the plaintiffs claimed title? In other words, whether such grantees, or those claiming under them, owned such half, and contributed it to form a public highway merely, which, being disused", lapsed back to them ?
The existence of such street as a highway, and therefore its formation by contributions of adjoining owners, was sought to be proved, on both trials, by admissions supposed to be contained in maps, in possession of officers of the Corporation of Yew York, and in descriptions of other pieces of land, given in certain deeds thereof, executed by them, as well as by the dimensions of other neighboring pieces of land, leaving the dimensions called for by the Sheriff’s deed of Eden’s interest, which was the source of the plaintiffs’ title, such as to require the width of one-half of such street, to make up the quantity thereby conveyed. There was also some evidence offered, in order to show the inclosure of the premises by fences, and the occupation of the land in question "with other adjoining land, by tenants of the testator of the plaintiffs. On the other hand, this was met by evidence, tending to show the exclu *674 sion of the site of such street from the land conveyed by such Sheriff’s deed, by a wall, with or without fence upon it, as far back as the execution of such deed; and by admissions supposed to be made by the testator of the plaintiffs,, in conveyances executed by him, in the description of the-premises, conveyed. Calculations were made and: explanations given by experienced surveyors, in regard to the condition, dimensions, designation and ownership, of all the circumjacent land, and diagrams furnished. This case, seems to have been decided by the Court, on the first trial, and to have gone to the Jury on the last, solely upon the question of fact, as to the location of the land, as described in the before mentioned Sheriff’s deed of Eden’s interest, and the inclusion within it of the premises in controversy.
The evidence of admissions, fences, inclosures, and. the existence of a highway, seems to have been only admitted as auxiliary to establishing that. There was no question raised as to the title or possession of Medcef Eden to such land in controversy, or any attempt made to claim a subsequent adverse title, by actual inclosure. It was assumed by the Court, parties and counsel, either that he was owner or in possession, or that by some operation of law the Sheriff’s deed transferred some title or right of possession of his to the parties from whom the plaintiffs claimed title, unless there was a subsequent actual occupancy, under claim of title.,
On the trial of the other action, already referred to, substantially the same evidence was given by the same witnesses, showing the same title on both sides, and involving the same question of fact as was determined on both trials in this case, in favor of the plaintiffs. Amd there was, as was understood by the Justice presiding at such trial, the same lack of evidence as to any title or possession in Medcef Eden, or proof of subsequent inclosure of the premises in question, by others, under whom the plaintiffs claimed title. The ease was entirely withdrawn from- the-Jury, and apparently disposed of by a, dismissal of the complaint, on that ground; In the decision of the-motion the learned Judge stated that a party is limited to the land; *675 actually inclosed by him, when he shows no right but possession ; although, if the plaintiffs had shown ownership, by Eden, of lands of larger extent, an entry by a grantée of them, upon any portion, claiming title to the whole by a deed of them, would have operated as a possession of the whole. He also stated that there was no evidence adduced on such trial, of any fence between the Eden interest, conveyed by the Sheriff, and the adjoining lands of the Oity Oorporation, at the time of such conveyance. That the only evidence of occupancy, by inclosure, was by a fence on the north side of Oheesman street, excluding, of course, the premises in question, from the possession or occupancy of those under whom the plaintiffs claim; and there was no evidence of any subsequent occupancy of inclosure by any one, under whom the plaintiffs claim, to the time of trial. That in the year 1822 there was only one fence between the property of the Oity Oorporation and of those under whom the plaintiffs claim; and from that time down to the trial, the Only occupation of the disputed ground was by the Oity Oorporation, and persons claiming under them.
Whether the views expressed by the learned Judge, on such trial, be or not, the controlling law of the case, they are equally applicable to the evidence given on the two trials of this case; and if the defendant omitted to insist on their application on such trials, and to except to a refusal to make it, or if, without such exception, there was anything in the charges in them, entitling him to a new trial, he cannot now avail himself of the statute, to make another experiment, in order to avoid the consequences of his neglect. The law is not made to assist the supine and sluggish. If the parties chose to concede, on both trials, for the purposes of such trials, and tried the issues on that theory, that if the Sheriff’s deed of the Eden interest conveyed the land in question in terms, it passed the title and possession, in point of law, they ought not to be allowed to have a new trial, merely in ordef to withdraw that concession, and avail themselves of the new light thrown upon their case by the subsequent trial in the other case. I do *676 not understand that there is any conflict of opinion, so far as I can see, between the views of the different learned Judges who presided at the different trials. Those before whom this action was tried, left to the Jury the simple question of fact, whether the Eden Sheriff’s deed included half of Cheesman street. The learned Judge before whom the other cause was tried, held that if it did, it was immaterial until some possession by Eden, or those under whom the plaintiffs claim, by inclosure or otherwise, was established. The defendant will not, therefore, be prejudiced in this case, by an unexpected subsequent subversion of a supposed settled doctrine of law, applied to his ease, by means of a subsequent decision by a higher Court, even if that were a proper case for exercising the discretion under the statute, of giving him a new trial.
The only other point of difference between the trials, in this and the other case, was in the admission, in the former, of a copy of a map, called the Inkleberg Map, which it is claimed was admitted on insufficient proof of the existence or loss of the original, or else if admitted as the original, it was improperly admitted ,• that the original seems, by the printed case, to have been produced on the trial in the other case, and excluded, while the copy was admitted as coming from the possession of the City Corporation. The insufficiency of such proof was, or might have been, made the subject of an exception in this case, and of review upon an appeal, which has been neglected too long to enable the defendant to bring one. It certainly would not be a proper discretion for the Court to exercise, under the statute, to grant a second new trial, because the applicant had lost the opportunity of availing himself of an appeal, by reason of an erroneous decision of law. I do not see, besides, how the defendant would be benefited by the defect being cured, on a second trial, by the introduction of the original map. It would hardly be just, under such pretense, to enable the defendant to procure a new trial, to avail himself of the objection of want of proof of a good .source of title.
*677 I cannot find, therefore, anything in the present application, appealing strongly to the sense of equity of the Court, to warrant the granting of a third trial, as a matter of discretion, such as the discovery of new evidence would. The two trials are granted, not as a favor to either party, but to enable the Court to do justice, since it is held that each party is not entitled to two new trials, under the statute. (Bellinger v. Mmtindale, 8 How. Pr., 113.) In any action in which a title to land is concerned, which depends so much upon descents, devises, conveyances, legal proceedings and possessions, such difficulties may arise in regard to the proof, as far back as twenty years and upwards, of marriages, births and deaths, the existence, loss and contents of documents, actual surveys, maps, and inclosures, that some liberality is to be indulged, in granting new trials upon the discovery of new evidence. But I cannot think the same favor should be extended to a party who has lost his case by overlooking a point of law, or conceding a fact, or omitting to seek a remedy by appeal from an erroneous decision, unless something to throw him off his guard is established. There is nothing of that kind in this case, to commend the defendant’s application to the favor of the Court.
Titles are settled by decisions and acquiescence in them, until the time for appeal has gone by. Parties deal on the faith of such settlement. In this very case, the defendant took from the City Corporation indemnity money for the failure of his title, and negotiated with the plaintiffs for an exchange of land. It would be unjust to unsettle them for any cause except that which would be productive of greater injustice by not doing so. Two trials, the decision of a Judge in one, and of a Jury in another, in favor of the plaintiff, and such long acquiescence, particularly so long after the discovery of the matters now set up as reasons for a new trial, ought to set the matter at rest, as against such reasons.
The motion must be denied, with ten dollars costs.