Boland vs. Gillett.

## BOLAND vs. GILLETT.

EJECTMENT: *New trial without cause.*

Under sec. 20, ch. 141, R. S. of 1858, as amended (sec. 1, ch. 249 of 1873), which declares, in reference to actions of ejectment, that "no more than one new trial shall be granted under this section," when one party, taking a second trial under that section, obtains a verdict and judgment in his favor, the other party, successful on the first trial, is not entitled to a new trial without cause.

APPEAL from the Circuit Court for *Racine* County.

The case is sufficiently stated in the opinion.　The plaintiff appealed.

For the appellant, a brief was filed signed by *E. O. Hand* as his attorney, and *J. R. Doolittle*, of counsel, and the cause was argued orally by *Mr. Doolittle*.

For the respondent, a brief was filed by *Geo. B. & A. C. Judd*, and the cause was argued orally by *Geo. B. Judd* and *J. T. Fish*.

TAYLOR, J.　This is an ordinary action of ejectment.　The record shows that the case has been twice tried in the court below.　On the first trial a jury was waived, and the court found in favor of the plaintiff, and judgment was entered in his favor.

The defendant, within one year after the entry of judgment, paid up the costs, and a new trial was granted on his application, under the provisions of sec. 20, ch. 141, R. S. 1858, as amended.　On the second trial, which was a jury trial, a verdict was rendered in favor of the defendant, and judgment was entered thereon in his favor.　Thereupon, and within one year after the entry of such last judgment, the plaintiff moved the court to set aside the same and grant a second new trial under said sec. 20, offering to pay the costs and give the security required by the provisions of said section as amended.

The motion was denied; and from the order denying such motion the plaintiff appeals to this court.

The only question for the consideration of this court upon this appeal, is, whether more than one new trial can be granted under the provisions of said sec. 20.   It is admitted by both parties, that under the provisions of ch. 141, R. S. 1858, the court has no power to grant a new trial without cause shown, except by virtue of the provisions of secs. 20 and 21 of said chapter.   If the court had any power to grant a second new trial in the case at bar, without cause shown, the power must be found in said sec. 20.   Sec. 21 relates exclusively to actions where the judgment is entered on the defendant's failure to answer in the action.

Sec. 20, ch. 141, R. S. 1858, as finally amended, is found as sec. 1, ch. 249, Laws of 1873.   This section provides that a new trial shall be granted within one year after the entry of judgment, upon the application of the party against whom such judgment is rendered, his heirs and assigns, upon payment of all costs recovered, and upon giving security to pay all costs and damages, including the mesne profits, that may be awarded against such party upon the final determination of the case.   It also contains certain provisions relating to appeals, which are not material to the determination of the question presented on this appeal; and the section then closes with these words: " But no more than one new trial shall be granted under this section."   These words quoted as the closing words of the section, appear in all the changes through which the section has passed since it was first enacted as the law of the territory of Wisconsin, in 1838.   See statutes of Wisconsin passed in 1838, p. 254, § 33; R. S. 1849, ch. 106, sec. 33; R. S. 1858, ch. 141, sec. 20; sec. 1, ch. 125, Laws of 1869; sec. 1, ch. 55, Laws of 1871; sec. 1, ch. 141, Laws of 1872; and sec. 1, ch. 249, Laws of 1873.

It seems to us impossible to give any other construction to the language above quoted, than that which is clearly and ex-

plicitly expressed, viz: that no more than one new trial shall be granted under this section. To say that the legislature intended that two new trials might be granted under this section, if granted upon the application of different parties to the action, would be a direct contradiction of the language used, and would be more in the nature of a judicial amendment of the section, than a just and fair construction of its language. To give the section any other construction than that above stated, would be violating the first cardinal rule for construing statutes. This rule is well stated by Chief Justice Dixon in *Ogden v. Glidden*, 9 Wis., 52: "Acts of the legislature are to be construed according to the intent of the legislature which passed them; and in ascertaining that intent, we are first to look to the language which they have spoken; and if that language is plain and unambiguous, interpretation is not allowable."

If any authority is required to sustain our construction of the language of this statute, it is fully sustained by the following cases: *Brown v. Crim*, 1 Denio, 665; *Bellinger v. Martindale*, 8 How. Pr., 113; *Wright v. Milbank*, 9 Bosw., 677; *People v. Judge of Wayne Circuit Court*, 21 Mich., 372. The laws of the states of New York and Michigan are similar to our law, except that in those states it is provided that "no more than two new trials shall be granted under the law." In the cases above cited, it is held that but two new trials can be granted, as a matter of right under the law, in any case. If, in either of these states, the plaintiff had two verdicts in his favor, and defendant obtained two new trials under the law, and on the third trial obtained a verdict in his favor, no third new trial could be granted under the statute upon the application of the plaintiff; yet in such case there would appear to be greater reason for granting a new trial to the plaintiff, after two verdicts in his favor and but one in favor of the defendant, than in the case at bar, where there has been but one verdict in favor of each party.

The following cases in this court, though not expressly deciding the question now presented, clearly indicate that the construction now given to the statute is the only one that can be given to it: *Cunningham v. City of Milwaukee*, 13 Wis., 120; *Deery v. McClintock*, 31 id., 195, 203, 204; *Sydnor v. Palmer*, 32 id., 406.

We do not believe that any great injustice has been done under the construction which the courts of this state have given to this law for the past forty years, nor that any will be done in the future. If, as in the case at bar, two verdicts have been given upon two trials, one in favor of each party to the action, the court before which the trials were had would, undoubtedly, upon a motion for another new trial upon the merits, for cause shown, by the party against whom the last verdict was rendered, give great weight to the fact that a verdict had been rendered in his favor upon the first trial, and would not hesitate to grant another new trial, unless fully satisfied that the second verdict was sustained by a clear preponderance of the evidence. As the circuit courts have it clearly within their power to prevent any great injustice being done under the statute as it has been heretofore understood, we are not inclined to give it a forced construction, as a remedy for the prevention of an evil which is more imaginary than real.

*By the Court.* — The order of the circuit court is affirmed.