■By the Court.—Sedgwick, J.—The
The learned counsel for the appellant claims, that the judgment vacated is not of a kind that section 36 of 2 R. S. (p. 309, tit. 1, pt. 3, c. 5) describes, and that section 37, empowers the court to vacate. The ground of this claim is, that the judgment was rendered on the order of the general term, and not. upon the verdict of a jury. This is erroneous. A verdict was given by the jury. *341 The court at the trial ordered that the entering of judgment thereon be stayed, and that the defendants’ exceptions be heard in the first instance at general term. The exceptions were overruled at general term, the order directing that the plaintiff have judgment on the verdict. When the plaintiff entered this judgment, it was, therefore, upon the verdict of a jury.
A further claim by appellant was that the defendant is not, under section 37, entitled to be an applicant for the order. That provides that the judgment may be vacated “upon the application of the party, against whom the same was rendered, his heirs and assignees.” It is clear that the defendant was not his own heir or assignee. It is equally clear that he is the party against whom the judgment was rendered. It was shown on the motion, that execution was issued on the judgment-for costs against the defendant, and the affidavit states that the sheriff, after due advertisement, sold the right, title and interest of the defendant in and to the premises described in the complaint; that the plaintiff became the purchaser, and after the due. course of things, received the sheriff’s deed of such right, title and interest. Therefore it is argued, that the defendant lost all right, title and interest to or in the premises, and that the statue did not intend to give a new trial to a man who had no interest in the land ; and a further argument is, that the judgment, having been satisfied by the plaintiff’s purchase and bid, cannot be vacated," as there is nothing to be vacated. These positions do not seem to be sound. At the time the execution was issued,the judgment, by its proper force, and by section 36 {supra), "was conclusive that the plaintiff had the title to the term of one thousand years, involved in the action, and that the defendant had no title thereto. If the title of the defendant to the reversion could be sold, he had no title to the term of one thousand years. If he had actual *342 possession of the' land, after judgment of ejection against him, that possession was, as to the judgment, tortious, and incapable of sale under the execution upon the judgment. The right to make the motion under the statute was not an interest in the land, was not sold in fact, and was not in its nature leviable upon, as it was a right of the same kind as a chose in action. So far as the term of one thousand years, recovered by the judgment, is concerned, the sheriff’s deed did not convey to the plaintiff more than he already had. The present appeal does not call for attention to the state of the reversion.
The sale under the execution, whatever its effect upon such part of the judgment ais was for costs, did not satisfy or cancel such part of it as adjudged title to be in the plaintiff.
¡Nevertheless, while the objection noticed should not be sustained, I am of the opinion that, on ,the motion, it did not appear that justice would be promoted and the rights of the parties more satisfactorily ascertained and established by a new trial. In the first place, there was not in the moving papers any specification of the grounds on which the motion for a new trial was made, or any other indication to the opposing party, or to the court, of where error or injustice was ’to be discovered, other than a statement that the motion was made “upon the affidavit annexed, and upon a,11 papers, pleadings and proceedings in this cause.” This did not point out that reliance was placed upon defendant’s counsel omitting to call attention on the former trials to defects in the steps taken towards the tax sale. The notice, in re-naming proceedings, calls attention, perhaps, to the trial as a whole, but not to any particular part of it, and certainly not to it, as evidence that an oversight had happened. The notice was vague, and its general words concealed, *343 rather than disclosed, what position was taken, as ground for a new trial.
In the second place, and upon the merits, the case of Wright v. Milbank (9 Bosw. 672), states principles that must be applied here. It is not every error, even though it may be clear, that calls for a second new trial. The defendent in ejectment has received great protection before such a motion can be made. Any error upon the first two trials can be corrected upon appeal; or, after the first trial, he can have a second trial as a right, upon payment of costs. In making the motion for a new trial for the second time, the discretion of the court is addressed to a certain extent. At least, it is the duty of the court to consider the nature of the alleged mistake, and to go so far as to find that substantial justice requires a new trial, as distinguished from a declaration that a question must be answered by law, one Way or the other. It must further determine to what extent, if at all, the defendant is himself responsible for the court having, on the former trial, made the mistake or omitted to consider the ground urged on the motion. If the omission of the defendants’ counsel to point the court to the matter is not excused or accounted for, but may have been intentional, general principles of jurisprudence, forbid that it should be made a reason for saying that a new trial will more satisfactorily establish the rights of the parties.
The reasons urged for a new trial are certain defects, which it is argued exist in the proceedings for the tax sale and after it. The court on neither trial overlooked the important principle that the statutes must be strictly pursued, but correctly applied it, and correctly passed upon all the objections that the defendant’s counsel chose to take. These statutes are numerous and intricate, and the court is only properly called on to determine such points in them as counsel *344 advert to. For many years the diligence and astuteness of counsel have been given to this subject, and an omission to make particular objection, in the absence of explanation as to the cause of the omission, should be deemed a waiver of the objections for all future purposes in the litigation. Otherwise it will grow to be a habit, to reserve an objection, simply to be used for the first time on a motion for a second new trial.
Outside of the rule, that statutory directions as to the tax sale must be strictly followed, the present objections are of a formal or technical character. The rule has been implicitly followed to every extent called for by defendants’ counsel. These objections are like the following : that a notice was not published in the "City Record ; that the call for unpaid taxes was published in but nine out of the eleven newspapers designated by the comptroller, or in but seven out of the ten newspapers designated under chapter 574 of the Laws of 1871; that, as stated in the supplementary brief of the learned counsel for defendants, its notice to redeem required redemption on or before the 14th, 15th, 16th, 18th, 21st, 22d and 23d days of December, 1873, instead of a day certain ; and that the personal notice to the owner to redeem was given by the purchaser before he had received the comptroller’s deed, and not after. Such objections are meritorious, when taken at the right time, but do not call for a second new trial.
I am of the opinion that the order below should be reversed with $10 costs.
Freedman, J., concurred.