WILLIAM KEELER, RESPONDENT, *v.* MARIA DENNIS, APPELLANT.

*Action of ejectment — power of the court to set aside a second judgment — Code of Civil Procedure, sec.* 1525 — *the discretion exercised by the court below is reviewable on appeal.*

Under the authority conferred by section 1525 of the Code of Civil Procedure, the court, upon an application made within two years by a party against whom a second final judgment has been rendered in an action for the recovery of real property, may make an order vacating the second judgment and granting a new trial, upon the payment of all costs and all damages, other than for rents

and profits, if it is satisfied that justice will be thereby promoted, and the rights of the parties will be more satisfactorily ascertained and established, even though no error, which would support an appeal, has been committed upon the trial, and though the evidence was sufficient to support the verdict of the jury, and there is no claim, on the part of the applicant, of surprise or newly discovered evidence.

The discretion to be exercised by the court is legal as well as judicial, and must have some reason for its support.

The question as to whether or not there is any substantial ground for the exercise of the discretion is subject to review by the appellate court, upon an appeal from the order made by the court below.

APPEAL by the defendant from an order of the Monroe Special Term, vacating a judgment in favor of the defendant and granting a new trial on payment of costs pursuant to the provisions of the Code of Civil Procedure, section 1525.

*A. P. Smith,* for the appellant.

*H. V. Howland,* for the respondent.

BRADLEY, J.:

The action is ejectment. There have been two trials. Each resulted in a verdict for the defendant. After the first trial the plaintiff took a second one under the statute. And the order in question was made upon plaintiff's motion for a third trial. The statute provides that in such an action the court "may make an order vacating the second judgment and granting a new trial * * * if it is satisfied that justice will thereby be promoted and the rights of the parties more satisfactorily ascertained and established." (Code of Civ. Pro., § 1525.) And the prior statute was substantially the same. (2 R. S., 309, § 37.) By this statute relief by way of a new trial may be given when there is no error to support a review by appeal or otherwise, but the reason for it must be found in the judgment of the court that the statutory requirements exist which permit it. The grounds upon which the motion was made were to the effect that the facts upon which the defense and the alleged right of the defendant to relief depended, were not satisfactorily established by the evidence, and that there was a preponderance of evidence in support of the plaintiff's right to recover.

The action is brought to recover the possession of a farm, in Cayuga county, of the estimated value of about $10,000, to which

the plaintiff claims title. And it appears that the legal title, supported by the deeds of conveyance, is in him.

The defendant alleges an oral agreement for the sale of the premises to her, and occupation, improvements, and such performance upon the faith of it on her part as to support an equitable title in her with the right to the possessson and a conveyance from the plaintiff by way of specific performance. Very considerable evidence was evidently given on the trial, as appears by the abstract of it appearing in papers before us. It is not claimed on the part of the plaintiff that he was surprised by any evidence, which he was not then prepared to meet and can supply upon another trial, nor is the application founded on any assertion of newly discovered evidence. It must be assumed here that the evidence was sufficient to present for the jury a question of fact, upon which the determination of the right of the parties depended and sufficient to support their verdict.

The question before the Special Term was, therefore, mainly one of propriety of the verdict in view of the evidence and of the justice of the result given by it. While the court should not unduly invade the province of the jury, there may be cases where, like this, the application rests wholly in the discretion of the court, that its judgment may not be satisfied that the result fairly represents the rights of the parties, or that there is so much doubt as to justify the opportunity for another and third trial, although no reasons, founded in additional or newly developed circumstances of importance, are made to appear. The theory of the right given to a party in such case to make application to the discretion of the court and that of the court to grant it, is that without the support of error, the case may be sent to another jury if the judgment of the court is that justice will be promoted and the rights of the parties more satisfactorily ascertained and established. Those are the only qualifications to the absolute power given to the court to grant the new trial, and they rest in no arbitrarily defined rule for the government of the discretion or its exercise. And although the statute of this State has provided this practice for more than fifty years, the courts have not sought to give to it a narrow or defined construction, governing or limiting the exercise of the discretion of the court. The provisions of the statute alone furnish the guide to its interpretation.

In *Harris* v. *Waite* (54 How., 113) the judgment of the court was that there was no such preponderance of evidence in favor of the moving party as to lead the court to say that justice would be promoted by a conclusion upon the evidence adverse to that of the jury.

In *Wright* v. *Milbank* (9 Bosw., 672) it was held that a new trial would not be granted to allow the defeated party to withdraw his admissions, voluntarily made upon the trial, and to get relief from the consequences of the assumption, in like manner adopted for the purposes of the trial. And other considerations were there also expressed in support of the reason for denial of the motion.

In *Phyfe* v. *Masterson* (13 J. & S., 338) the questions upon the trial were evidently those of law only, and it was held that a new trial should not be allowed, because no grounds for it were stated in the motion papers; that reasons urged upon the application were embraced within the rulings at the trial and there correctly disposed of; and that a new trial would not be granted to enable a party to avail himself of a waived objection.

It may be observed that the statute did not have the effect to extend the right to continue litigation by actions of ejectment, but to restrict the rights of parties in that respect. Before the Revised Statutes a judgment in ejectment was no bar to another action between the same parties to recover the possession of the same premises, and the only means of staying litigation in repeated actions of ejectment was by relief in chancery. And it was only by force of the statute that a judgment in ejectment was rendered conclusive as to the title established in the action. (2 R. S., 309, § 36; *Jackson* v. *Dieffendorf*, 3 Johns., 269; *Bates* v. *Stearns*, 23 Wend., 482.)

Those sections (36 and 37 of title 1, chap. 5, part 3 of R. S.), were adopted to prevent the endless litigation which before then, might be carried on by actions of ejectment. (Revisers' Notes, 3 R. S. [2d ed.], 709.)

This restriction upon the common-law remedy of ejectment seems to be wise. The discretion required by the statute is legal as well as judicial, and must have some reason for its support. And it is subject to review in the same court; upon which the inquiry arises, whether there is any substantial ground for the exercise of the discretion which produces the order appealed from.

The motion, in this case, was made upon an affidavit of the plaintiff, the pleadings and the trial judge's minutes, and was heard at Special Term held by him. He was peculiarly prepared to con. sider the application, and the whole case, as presented at the trial, was before him. And he has put his conclusion, as appears by his opinion, upon the ground that, in his judgment, the verdict was against the preponderance of the evidence and was not satisfactory. While, as a rule, it may be a somewhat difficult proposition upon which to so exercise the judicial discretion as to reach a conclusion adverse to that of the jury, we are unable to say that it has, in this instance, been improperly exercised. The learned justice, who saw the witnesses on the stand as well as heard them testify, had certainly a better opportunity of estimating the *quantum* and effect of the evidence furnished by their testimony than is available to a court without those means. And without expressing any opinion here in that respect, an examination of the brief minutes of the evidence, as taken by the trial justice and presented in the appeal book, seems to have permitted the conclusion reached by the Special Term, and that in doing so there was no abuse of the discretion of the court. But, we think, no costs of this appeal should be given.

The order should be affirmed.

SMITH, P. J., and BARKER, J., concurred.

Order affirmed, without costs.