Elizabeth D. De Lancey, Respondent, v. Henry Piepgras, Impleaded, etc., Appellant.

Same, Respondent, v. Same, Appellant.

Same, Respondent, v. Same, Appellant.

Where a party has obtained an undue advantage by using an order of the court for a purpose contrary to its spirit and intention, and which could and would have been guarded against had the unlawful purpose been disclosed when the order was made, the court has power to modify or amend the order, or grant a new order, to correct the abuse of the former one.

This court may not review even a void order in an action when it does not affect a substantial right.

After judgment in an action of ejectment an order was granted under the Code of Civil Procedure (§ 1525), setting aside the judgment and granting a new trial. Subsequently, on motion of defendant, an order was granted setting aside said prior order, amending and modifying the judgment and execution, with leave to apply again for leave to vacate the amended judgment for the purposes of a new trial, but refusing to set aside the execution, under which plaintiff had been put in possession. On appeal from the order, *held*, that it was one addressed to the discretion of the court below and so was not reviewable here. (Code Civ. Pro. § 190.)

After defendant had secured the amendment to the judgment and execution he again resumed possession of the premises and excluded plaintiff therefrom by force. Upon application of the latter, defendant was ordered forthwith to restore such possession, and thereafter to desist from any physical resistance or interference with plaintiff's possession. *Held*, that the making of the order was within the power of the court; that plaintiff was not required to resort to some new and independent action or proceeding to regain possession.

Reported below, 73 Hun, 607, 608, 610.

(Argued January 15, 1894; decided January 23, 1894.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, made December 6, 1893, which affirmed an order of Special Term made on application of defendant Piepgras.

That order vacated a prior order setting aside judgment herein and granting a new trial, under section 1525 of the

Code of Civil Procedure, modified and amended said judgment *nunc pro tunc*, amended execution to conform to the amended judgment, gave said defendant leave to renew his motion to vacate judgment and for a new trial, or to make such other application as he may be advised, but refused to set aside the execution.

Also, appeal in same action from order of same General Term, made December 6, 1893, which affirmed an order of Special Term, directing the defendant Henry Piepgras to restore to plaintiff and the defendant John Hunter possession of the premises described in the complaint.

Also, appeal in same action from order of same General Term, made December 6, 1893, which affirmed an order of Special Term denying a motion to set aside an order of Special Term, directing restoration of possession of the premises in suit to plaintiff and said defendant John Hunter.

This was an action of ejectment to recover possession of certain docks and lands under water at City Island, Westchester county. The case is reported on a former appeal (138 N. Y. 26).

The present appeals relate to orders subsequently made in carrying out the judgment.

The facts, so far as material to these appeals, are stated in the opinion.

*George A. Black* for appellant on first appeal. The power of the Supreme Court is limited. (Code Civ. Pro. § 194.) So far as the grant to Palmer was in derogation of the right of the upland owner it was void. (*De Lancey* v. *Piepgras*, 138 N. Y. 47.) The plaintiff's contention is that the moment Piepgras or his grantors erected a wharf, or built a marine railway, that moment the exception as to the parts of the premises on which wharves or buildings are erected took effect. This is untenable. (*Rumsey* v. *N. Y. & N. E. R. R. Co.*, 133 N. Y. 79; *St. Louis* v. *Rutz*, 138 U. S. 246; *I. C. R. R. Co.* v. *Illinois*, 146 id. 387; *Smith* v. *Levinus*, 8 N. Y. 473.) As the owner of the upland has the right to build a dock or obtain

access to the navigable waters of the channel by marine railways, this right, which is declared by all the cases to be valuable and to be his property, cannot be taken from him by the state making a grant of its title to the land under water to an individual. Every such grant must be subject to the same rights of the riparian proprietor, and cannot, as said in the above case, "authorize A. to erect a wharf in front of the lands of B." (*Pearsall* v. *Post*, 20 Wend. 132; 22 id. 425.) Piepgras' riparian rights are appurtenant to the ownership of the upland, and inseparable therefrom. (*B. M. Co.* v. *B. I. Works*, 129 N. Y. 155; *People ex rel. B.* v. *Comrs. of Land Office*, 135 id. 447; *I. C. R. R. Co.* v. *Illinois*, 146 U. S. 445; *Saunders* v. *N. Y. & H. R. R. Co.*, 71 Hun, 160.) The judgment of the Court of Appeals should be enforced according to law. (*White's Bank* v. *Nichols*, 64 N. Y. 65; *Holloway* v. *Southmayd*, 139 id. 402; 138 id. 415; *City of Cincinnati* v. *White*, 6 Pet. 442.) The only judgment the Supreme Court had a right to enter was one in strict conformity to the judgment of this court, and it had no power to issue an execution which did not strictly conform thereto. (*Ruckman* v. *Cowell*, 1 N. Y. 505; *Kerr* v. *Mount*, 28 id. 658.) The execution was void for statutory defects. (Code Civ. Pro. § 1366.) The Special Term had no power to amend the execution. (*In re Bradner*, 87 N. Y. 171.) The Special Term, in amending the execution, acted of its own motion, and in that respect was without authority. (*Wheeler* v. *Emeluth*, 121 N. Y. 241; *Alexander* v. *Esten*, 1 Caines, 152.) The motion to set aside this void execution involved a substantial right and was fully authorized. (*Kamp* v. *Kamp*, 59 N. Y. 223; *Douglas* v. *Haberstro*, 88 id. 618; *People* v. *Ames*, 35 id. 482.)

*George A. Black* for appellant on second appeal. The power of the court to grant an injunction by order is strictly statutory. (*E. R. Co.* v. *Ramsey*, 45 N. Y. 637.) The Code gives the power to grant an order in the cases therein specified, with an exception which excludes this case. (Code Civ.

Pro. § 1675.) Upon the merits the court should not have made the order. (*De Lancey* v. *Piepgras*, 138 N. Y. 47; *Rumsey* v. *R. R. Co.*, 133 id. 79; *White's Bank* v. *Nichols*, 64 id. 65.)

*George A. Black* for appellant on third appeal. The court had no jurisdiction to make the order of July 22, 1893, and it was consequently void and should have been vacated. (*E. R. Co.* v. *Rumsey*, 45 N. Y. 637; *Spears* v. *Matthews*, 66 id. 127; Code Civ. Pro. §§ 194, 1240, 1364, 1366, 1373.) The right to enjoin is limited to the statutory cases, and is not made a substitute for contempt proceedings by any provision of law. (*Matter of an Attorney*, 83 N. Y. 168.) Whatever legal rights Piepgras has the court was bound to accord him even though it involved the determination that another judge had exceeded his jurisdiction. (*People* v. *Liscomb*, 60 N. Y. 570; *People* v. *Frey*, 100 id. 24; *Ferguson* v. *Crawford*, 70 id. 263; *Kamp* v. *Kamp*, 59 id. 212.)

*Walter D. Edmonds* and *John Hunter, Jr.*, for respondents on first appeal. This appeal should be dismissed, because the order appealed from was in all respects within the power and discretion of the court below, and did not affect a substantial right. (*Bank of Genesee* v. *Spencer*, 18 N. Y. 150, 151, 152, 154; *Underwood* v. *Green*, 56 id. 247, 249; *Bennett* v. *Morehouse*, 42 id. 189, 191; *Whitney* v. *Townsend*, 67 id. 40, 43; *Van Slyke* v. *Hyatt*, 46 id. 259, 262; *Arthur* v. *Griswold*, 60 id. 143, 146; *N. S. & L. Bank* v. *M. N. Bank*, 89 id. 441.) The judgment of the Supreme Court, entered June 26, 1893, strictly complied, in all matters of substance, with the judgment of this court and the directions contained in its remittitur; therefore, appellant could sustain no injury by reason of the execution issued in conformity with said judgment. (138 N. Y. 47.) The unanimous refusal of all the judges below to set aside the execution and proceedings thereunder was proper. (Code Civ. Pro. §§ 1373, 1529; 64 N. Y. 65.) The amendment of the execution *nunc pro tunc* was within the power of

the court and no abuse of its discretion. It affected no substantial right and is not appealable. (*Strong* v. *City of Brooklyn*, 68 N. Y. 1, 11; Code Civ. Pro. §§ 721, 722, 723; *Douglas* v. *Haberstro*, 88 N. Y. 611, 618; *N. Y. I. Co.* v. *N. W. Ins. Co.*, 23 id. 351, 361; *Bank of Genesee* v. *Spencer*, 18 id. 150.) The order of July 17, 1893, appealed from, was proper, because the execution, in its original form, as well as the proceedings had thereunder, were incapable of injuriously affecting any of the appellant's substantial rights. (*Morgan* v. *Moore*, 3 Gray, 319; *Bakeman* v. *Talbot*, 31 N. Y. 366; *Filmes* v. *Marsh*, 67 Penn. St. 507; *Atkins* v. *Boardman*, 2 Metc. 457.) Appellant herein is not entitled to invoke on his behalf as against the title of the respondent any supposed doctrine of easement arising incidentally out of his pretended ownership of riparian upland. (*Hoboken* v. *P. R. R. Co.*, 124 U. S. 656; *I. C. R. R. Co.* v. *Illinois*, 146 id. 387; *Williams* v. *Mayor, etc.*, 105 N. Y. 419; *People* v. *S. I. F. Co.*, 68 id. 78, 79; *Langdon* v. *Mayor, etc.*, 93 id. 129, 155; *People* v. *Canal Appraisers*, 33 id. 461, 467; *B. M. Co.* v. *B. I. Works*, 129 id. 155, 159.)

*Walter D. Edmonds* and *John Hunter, Jr.*, for respondents on second appeal. This appeal should be dismissed, because the order in question is not appealable to this court. (*Dunlop* v. *Edwards*, 3 N. Y. 341, 343; *Jones* v. *Derby*, 16 id. 242, 244, 245; *Bank of Genesee* v. *Spencer*, 18 id. 150, 152.) The Supreme Court had power and jurisdiction to make the order appealed from. It was well within the inherent jurisdiction of the court as it is organized under the Constitution. (*Youngs* v. *Carter*, 10 Hun, 194; *People* v. *Bd. Suprs.*, 39 id. 299; Code Civ. Pro. §§ 7, 14, 1364; *People* v. *Nichols*, 79 N. Y. 582; *Curtis* v. *Hubbard*, 4 Hill, 437; *Wilbur* v. *Donalds*, 59 N. Y. 657; *King* v. *Barnes*, 113 id. 476; *A. Ins. Co.*, v. *Fisk*, 1 Paige, 90.) Appellant is entitled to no consideration on the merits. (138 N. Y. 47.)

*Walter D. Edmonds* and *John Hunter, Jr.*, for respondents on third appeal. This appeal should be dismissed, because the

order appealed from was in all respects within the power and discretion of the court below, and did not affect a substantial right. (*Bank of Genesee* v. *Spencer*, 18 N. Y. 150; *Underwood* v. *Green*, 56 id. 247, 249; *Bennett* v. *Morehouse*, 42 id. 189, 191; *Whitney* v. *Townsend*, 67 id. 40, 43; *Van Slyke* v. *Hyatt*, 46 id. 259, 262; *Arthur* v. *Griswold*, 60 id. 143, 146; *N. S. & L. Bank* v. *M. N. Bank*, 89 id. 441.) The motion of August 3, 1893, to vacate and set aside the order of July 22, 1893, was properly denied both upon the law and the merits. The order should not be reviewed by another judge at Special Term. (*Fisher* v. *Hepburn*, 48 N. Y. 41, 52, 53; *Kamp* v. *Kamp*, 59 id. 212, 217.) The question of jurisdiction had already been passed upon. (*Wilcox* v. *Jackson*, 13 Pet. 571.)

O'BRIEN, J. The rights of the parties to this action have been determined by this court when it was here on a former appeal, in so far as their claims were then presented. (138 N. Y. 26.) In carrying out the judgment which was the result of that appeal, further controversies have arisen, and we are now asked to review three different orders made after judgment in the case. While there are three distinct appeals, yet the orders are all so related to each other that they can be more conveniently considered as one. The facts in the main case and the legal questions involved are very fully disclosed in the elaborate opinion on the former appeal. Our judgment, then rendered, having been remitted to the Supreme Court, the parties appeared before the Special Term, in pursuance of a notice, and the court then inserted in the judgment the modification required by the decision, not in the words of the royal grant to Palmer, but, as was held, according to its substance and legal effect. Final judgment having been entered on the 19th day of June, 1893, an execution requiring the sheriff to put the plaintiff in possession of the real property, which was the subject of the controversy, was issued and delivered to him on the 26th of June, 1893, and on that day the sheriff executed the process by delivering the possession to the plaintiff.

On the 3d of July, following, the judgment was vacated, upon the application of the defendant, for the purpose of a new trial under the provisions of § 1525 of the Code. This order permitted the defendant to re-try every question involved in the issues, including the one which he now seeks to settle in a motion. The judgment and execution had then been fully executed, the plaintiff had been put into possession, and the way was open to the defendant for another trial. It is to be inferred from what took place subsequently, that about this time the defendant's counsel reached the conclusion that the judgment and execution, under which the plaintiff had recovered the property, were unauthorized by our decision, and that the proceedings of the sheriff in dispossessing the defendant were irregular. On the 17th of July he applied to the court for leave to vacate his own order granting him a new trial and to reinstate the judgment in order to enable him to apply for a modification of the judgment, conforming it, as he claimed, to the decision of this court, and also to vacate the execution, and all the proceedings under it, as irregular and unauthorized. If this motion had been successful the result would be to restore the property to the defendant, and thus practically to reverse all that had been done. The court was not only asked to do all this, but when done to again vacate the judgment for the purpose of another trial under § 1525. This application resulted in the first order which we are now asked to review. The court set aside the prior order vacating the judgment and granting a new trial. It modified and amended *nunc pro tunc* the judgment of June 26th by inserting *in ipsissimis verbis* the proviso in the Palmer patent. It amended the execution *nunc pro tunc* by conforming it to the amended judgment, and denied the other relief with leave to apply again to vacate the amended judgment for the purpose of another trial. The question that the learned counsel for the defendant has pressed here with great earnestness is this, as we understand it. He claims that the defendant, notwithstanding the judgment, has still certain easements or riparian rights in or over the land which was the subject of this action that were

ignored by the sheriff in delivering absolute possession to the plaintiff. In other words, he contends that the defendant, in virtue of his ownership of the uplands, has still, in respect to the premises in question, all the rights which this court has held pertain to riparian proprietorship. (*Rumsey* v. *N. Y. & N. E. R. R. Co.*, 133 N. Y. 79.) This question was involved in the issue, and could have been litigated at the trial, but it was not, nor was it presented upon any of the appeals. There would be serious objection to the consideration of such a question in the way that it is now presented, and at this stage of the controversy, even if the defendant was not entitled to another trial. But as a party to an action for the recovery of real property is entitled to such a trial, it would be manifestly unwise to determine questions of such importance upon a motion in advance of the trial, even if our jurisdiction in this respect was conceded. The motion which the defendant made, resulting in the order appealed from, was one addressed to the discretion and favor of the court. It was an application to vacate his own order granting another trial, asserting at the same time that when the judgment and execution were disposed of in the manner requested, he would again apply to set aside the vacating part of the order. The court was not bound to grant such a motion. It could entertain it or not in the exercise of discretion. It granted the favor asked with certain amendments, qualifications and conditions which are not open to review in this court. The only power that this court has must be found in the second and third subdivisions of § 190 of the Code. We have power to review certain orders there specifically mentioned when they involve some substantial right and do not rest in discretion, but we can review no others. It would be difficult to show that this order involves a substantial right or a question of practice, or that it was made upon a summary application after judgment. But, however that may be, it was clearly one which resulted in the exercise of discretion, and that fact renders the decision of the General Term final. (*In re Waverly Water Works*, 85 N. Y. 478; *Tyng* v. *Halsted*, 74 id. 604; *Quimby* v. *Claflin*, 77 id. 270.)

The next order was made by the court on the 22d of July, 1893, under the following circumstances : It appears that after the defendant secured the amendment to the judgment and execution above referred to, he again resumed the possession of the premises embraced in the judgment, and excluded the plaintiff therefrom by force, and upon the application of the plaintiff he was ordered, forthwith, to restore such possession, and in the future to desist from any forcible or other physical resistance to or interference with the enforcement of the execution, or the officers of the court, or the plaintiff's possession. It is urged that the court in making such order exceeded its powers. It is true that the ordinary way to enforce the mandate of the court in such cases is through the sheriff, who may call to his aid the power of the county. (Code, § 104.) But where resistance is made to the execution of the process the resistors may be punished as for a contempt. (§ 105.) The Supreme Court has general jurisdiction in law and equity, and possesses inherent powers for the purpose of enforcing respect for and obedience to its judgments, not necessarily expressed in fixed precedents or statute law. It may be difficult to define this power, and it might be dangerous to apply it arbitrarily or in doubtful cases. The parties to the action were still subject to its jurisdiction, and the conduct of the defendant, as disclosed by the record, was such as to justify the court in using all the power it had to uphold its dignity and authority. It had the power to punish the defendant for contempt in case of resistance, and if so, the power to employ some milder method of correction would seem to follow as a reasonable implication. If the defendant in an action of ejectment may, after the plaintiff has been put in possession, return and resume the possession by force, after a short interval of time, in defiance of the judgment, and the plaintiff has no remedy except a resort to some new and independent action or proceeding, then there is at once revealed an obvious defect in our methods of administering justice in such cases. The power of the court to prevent and punish resistance to the execution of its judgments and decrees is not

exhausted until the purpose for which the judgment was rendered has been completely attained. It is true that a judgment for the recovery of the possession of real property is to be enforced under the Code by execution, but the question as to the power of the court to interpose in aid of that process while resistance is made or threatened to the duty imposed upon the sheriff is not necessarily excluded. It is a fair inference from the facts disclosed that the real purpose of the defendant in applying for an amendment of the judgment and execution, was to establish some ground for resuming the possession under a claim of some easement or riparian right. It is not now important to determine whether his claim was well founded or not, as he had no right, even if it was, to assert it by excluding the plaintiff from possession or by such a mode of procedure. Whatever may be the general rule with respect to the power of the court to aid by order the action of the sheriff in delivering possession to the successful party, and making such delivery effective and complete, in such cases, it is apparent that this case stands upon peculiar facts and circumstances. The defendant took advantage of a favor granted by the court in amending the judgment and execution by forcibly resuming the possession in contempt of the judgment. Had this purpose been disclosed when he was before the court asking the favor it might well have been refused or granted only upon the condition that no attempt would be made to disturb the plaintiff's possession, which had been awarded to her by the judgment and secured by the execution. When the real purpose of the amendments was disclosed to the court it had power to amend or modify its former order and insert in it any conditions which might have been inserted in the first instance. In short, before granting the favor which the defendant asked, it had the power to incorporate into it as a condition all the substantial provisions of the mandatory order appealed from by forbidding any attempt to resume possession and directing that possession be restored if then resumed. Whatever power the court had originally it could exercise and make effective

subsequently when informed that its favor amending the judgment and execution had been abused by the forcible exclusion of the plaintiff from the possession in defiance of the judgment. The court had been induced to make an order which was used for a purpose never intended, and which would have been forbidden if that purpose of the defendant had been disclosed. Under such circumstances the court, in vindication of its own dignity and for the protection of the rights of the parties, had the power to undo all the mischief resulting from the modification of the judgment and execution which it had been induced to make, and the order appealed from may be regarded as made for that purpose and under this general inherent power. It cannot, I think, be doubted that when a party obtains an undue advantage by using an order of the court for a purpose contrary to its spirit and intention, and which could and would have been guarded against had the unlawful purpose been disclosed when the order was made, that the court has power to deprive him of this advantage, resulting from an abuse of the order, by modifying or amending it, or granting a new order to correct the abuse. It seems to me that the power of the court to make the order in question can be upheld upon this principle, and having the power the manner of its exercise was in its discretion.

But if it be conceded that the order was made without power it would not follow that this court can review it. We cannot review even a void order in an action unless it affects a substantial right. Now, what substantial right of the defendant did this order affect? He certainly had no right to resume possession by a strong hand after he had been removed by force of the execution, nor had he any right, by the use of force or threats, or any other device, to attempt to nullify the purpose of the judgment, and the order only commands him to submit to the decree of the court and to the action of the sheriff in carrying it out. If it be true, as urged by the learned counsel for the defendant, that such an order finds no warrant in any statute or rule of law, the fact still

remains that it commanded nothing that the defendant was not bound to do without it. Granting that there was no power in the court at this time, or any other stage of the action, to command the defendant to obey in good faith the judgment and the execution, what possible harm, in any just or legal sense, has it done defendant? It interfered with no right that he had or that he now claims, and if void, as contended, it was wholly ineffectual for any purpose. The only effect that it could have, under any circumstances, would be to suppress unlawful and wrongful resistance to the process of the court on the part of the defendant, but surely this does not affect any substantial right. On the defendant's theory it was not even effectual for that purpose, unless he concluded to obey it, and adopt the line of conduct that it suggested, which he was bound to do if it had never been granted. The third order was made on August 3, 1893, upon the defendant's application to the Special Term held by another judge, to vacate the order last considered, and which application was denied. This order, therefore, must stand or fall for the same reasons as the preceding one. If the court had the power to make the prior order, then the necessity or propriety of setting it aside was matter of discretion. If it was without power, and no attempt having been made to enforce it by proceedings for contempt or otherwise, or if the defendant has elected to obey it voluntarily, it cannot be said that it affects any substantial right. We are, therefore, of the opinion that none of the orders appealed from affect a substantial right not resting in discretion within the meaning of § 190 of the Code, and that all the appeals should be dismissed, with one bill of costs in this court.

All concur except, EARL, J., who dissents as to the second order.

Appeals dismissed.