### SARANAC LAND & TIMBER CO. v. ROBERTS, State Comptroller.

(District Court, N. D. New York. April 5, 1921.)

New trial ⊂⊐183—Order for statutory new trial vacated after 20 years without prosecution.

A formal order, granting a statutory new trial in ejectment, made by a federal court on motion of the plaintiff, will be vacated after 20 years, where plaintiff has taken no steps to proceed under the order, but in the meantime has prosecuted an action in the state courts on the same cause.

At Law. Action by the Saranac Land & Timber Company against James A. Roberts, as Comptroller of the State of New York. On motion by defendant to vacate an order granting a new trial. Motion granted.

This is a motion by the defendant, as comptroller of the state of New York, for an order declaring an order made by Judge Alfred C. Coxe, February 7, 1901, then sitting in the District Court and Circuit Court, Northern District of New York, and granting a new trial of the action, which is in ejectment, a fraud upon the law and abandoned, and also to reinstate the judgment as though such order granting a new trial had not been made; it appearing that the plaintiff has taken no proceedings whatever to avail itself of the benefits of such order, but instead has proceeded in another action brought in the state courts of the state of New York for the same cause and between the same parties.

Weeds, Smith & Conway, of Plattsburgh, N. Y., and Frank E. Smith, of New York City, for plaintiff.

Chas. D. Newton, Atty. Gen., and Wilber W. Chambers, Deputy Atty. Gen., of State of New York, for defendant.

RAY, District Judge. On a fair trial of this action in the United States Circuit Court in March, 1896, the defendant had judgment dismissing plaintiff's complaint on the merits. Judgment was entered February 17, 1898, accordingly. The plaintiff appealed, and by successive stages in the prosecution of such appeal reached the Supreme Court of the United States, in which court the judgment of the Circuit Court was in all things affirmed. 177 U. S. 318, 20 Sup. Ct. 642, 44 L. Ed. 786. The mandate of the Supreme Court of the United States was sent down, and its judgment made the judgment of the United States Circuit Court, and judgment was entered dismissing the plain-

---

⊂⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tiff's complaint accordingly. This order and judgment was entered on the 7th day of February, 1901.

Thereupon, availing itself of the provisions of section 1525 of the Code of Civil Procedure of the state of New York, the plaintiff applied to the Circuit Court, Judge Coxe presiding, for an order granting a new trial, and this order was granted as matter of course, pursuant to statute. After the action was brought in the federal court, the plaintiff brought another action for the same cause in the Supreme Court, state of New York, but took no proceedings therein, but went to trial on the merits as hereinbefore stated in the federal court, where it was defeated as has been recited. Since the entry of the order of Judge Coxe granting a new trial in the Circuit Court, the plaintiff has done nothing in the federal court, but did revive its state court action in 1904, and proceeded to trial and had judgment in its favor. The defendant pleaded in that action the pendency of the prior action in the federal court for the same cause and between the same parties, and on appeal to the Court of Appeals of the state of New York the judgment rendered in favor of the plaintiff in the state court was affirmed. 195 N. Y. 303, 88 N. E. 753.

Thereupon the comptroller of the state of New York paid the costs and took a new trial under the statute referred to. Another trial was had in the state court, and defendant was defeated. The defendant appealed from this judgment to the Appellate Division, where the judgment of the state court was affirmed (152 App. Div. 918, 137 N. Y. Supp. 1141), whereupon the defendant appealed to the Court of Appeals of the state of New York, where the judgments of the state court, both at circuit and Appellate Division, were reversed and a new trial ordered (208 N. Y. 288, 101 N. E. 898). A new trial was thereupon had, and the defendant was again defeated. Thereupon the defendant moved for a new trial on the ground of newly discovered evidence, and this motion was granted, and all judgments in the state courts vacated. 100 Misc. Rep. 511, 166 N. Y. Supp. 8. This order granting a new trial on the ground of newly discovered evidence was affirmed by the Appellate Division and by the Court of Appeals of the state of New York. 183 App. Div. 897, 169 N. Y. Supp. 1112; 224 N. Y. 377, 121 N. E. 99. In all of these proceedings in the state courts the defendant has urged and insisted upon the pendency of the action between the same parties for the same cause in the federal court.

The plaintiff has taken no further proceedings in its action in the federal courts, although about 20 years have elapsed since the granting of the new trial in the federal court by the order of Judge Coxe as above stated. The defendant now insists that, under the decisions of the courts to which attention will be called, the order of Judge Coxe granting a new trial in the federal court should be declared a nullity and a fraud upon the law and abandoned; no proceedings having been taken to bring the case to trial in the federal court by virtue of the leave granted under the provisions of such order.

Without reciting at length the cases to which reference is made, and which I think should control and determine the decision of this motion, I will say that I think the following cases are decisive of this motion:

Fraser v. Weller, 6 McLean, 11, 9 Fed. Cas. 725, No. 5,064 (Circuit Court and District Court of Michigan); Cunningham v. City of Milwaukee, 13 Wis. 120; Hyatt v. Challiss (C. C.) 55 Fed. 267; De Lancey v. Piepgras, 141 N. Y. 88, 35 N. E. 1089. It seems to me that, having procured an order for a new trial in the federal court some 20 years ago and not having proceeded thereunder, but having proceeded in the state court, the plaintiff has shown conclusively that it had and has no intention of availing itself of the order of Judge Coxe granting a new trial, and that the relief prayed for by this motion should be granted.

There will be an order accordingly.