Andrews, J.
In the case of Gray v. Fisk,* recently decided in this court but not yet reported, in which an appeal was taken from the order of the General Term of the Supreme Court, affirming an order of the Special Term denying a motion to set aside a judgment entered on the report of a referee, upon allegations of misconduct on his part, the appeal was dismissed on the ground that the motion was one addressed to the discretion of the judge at Special Term, and that no appeal in such a case lies to this court from the order of the General Term reviewing the exercise of that discretion.
The right of the General Term to review an order of a Special Term made upon a summary application in an action after judgment, when it affects a substantial right, is given by section 349 of the Code; and the jurisdiction of the General Term under this section to review orders made by the Special Term in respect to matters resting in the discretion of the court, which involve substantial rights and interests, has been constantly exercised, and has been sanctioned and approved by this court. (People v. N. Y. C. R. R. Co., 29 N. Y., 418.) This jurisdiction is convenient, and is, indeed, essential to the proper administration of justice. The orders which come under the designation of discretionary orders frequently involve important rights, and the order in this case is one of that character. The effect of the order is to deprive the *74 defendant of a judgment in his favor, obtained after a trial before the referee upon controverted questions of fact, and he is remitted to a new trial with the hazard of a less favorable result. It would be unsafe and dangerous to conclude litigants in such a case by the order of the Special Term, without the power to apply to an appellate tribunal to correct any error or inadvertence into which the judge at Special Term may have fallen in the exercise of the discretion. But this court has steadily disclaimed the right to review, by appeal, orders of the General Term made upon appeal from a Special Term, in matters resting in discretion. The rights of parties in orders of that character are not defined and established by fixed legal principles, or by settled rules of equity. Each case must depend, in a great measure, upon its own peculiar circumstances, and this court declines to entertain jurisdiction to review discretionary orders, as inconsistent with the constitution of the court, and its character as a tribunal in which questions of law only are to be considered, save in the excepted cases within which orders of this kind are not embraced. (Howell v. Mills*) In Howell v. Mills, this court entertained an appeal from an order of the General Term, affirming an order of the Special Term, denying a re-sale in a partition case, on the application of an infant who had been defrauded of his interest in the premises to which _ the proceedings related, by a collusive arrangement, between the other parties at the sale. The application to the Special Term was not in a just or proper sense addressed to the discretion of the court. The infant upon the facts shown was entitled by well settled rules of law to the relief asked, and upon this ground the court reversed the order appealed from. This decision does not disturb the general rule, that an appeal does not lie to this court, from discretionary orders.
The appeal here is from the order of the General Term, affirming an order of the Special Term setting aside the judgment entered on the report of a referee, for his alleged *75 misconduct, and granting a new trial. We are of opinion, that Gray v. Fisk, is a decisive authority against the right of the appellants to maintain this appeal. The supervisory power of the Supreme Court over the conduct of referees, and its jurisdiction to set aside judgments for misconduct on their part during progress of the cause, was distinctly asserted in that case, and the court declared that the same rules should be applied as were adopted by courts in applications to set aside a verdict for the misconduct of jurors. This view has been taken by the Supreme Court in several cases. (4 How. Pr. R., 253 ; 9 id., 1, 7; 12 id., 297.)
It is strenuously insisted by the counsel for the appellants, that no misconduct on the part of the referee was disclosed in the motion papers on which the order of the Special Term was granted, and we have not been able to discover anything in his conduct inconsistent with fairness or integrity, or which, under the circumstances, calls for criticism. Both the Special and General Terms exonerate the referee from any imputation of improper motives in endeavoring as he did, to bring about a settlement, and suggesting as reasons for it the same considerations which had been openly and freely spoken of between the parties, or their attorneys, in the presence of the referee, and the order was granted by the Special Term, and affirmed by the General Term, upon the ground that the referee may, though unconsciously, have been influenced in his subsequent action, by the fact that his suggestions as to the settlement, had been disregarded by the plaintiffs.
It does not aid the appellants to show that the order was not justified by the facts upon which it was based, or that the discretion of the court below in the particular case was improvidently exercised. It is not sufficient to show that injustice has been done, but it must appear that it was done under circumstances which authorize this court to interfere. The affidavits brought to the attention of the court, a circumstance upon which, the claim of misconduct was made. The judge at Special Term was called upon to decide *76 in respect to it. From, the nature of the case, what is misconduct on the part of a jury or referee, and what facts establish it, are inquiries which cannot ordinarily be determined by the application of exact rules of law, and. the decision must be left mainly to the good sense and sound judgment of the judge before whom the inquiry is originally prosecuted. Different minds may reach different conclusions upon the same facts, and it is not to be supposed, that a judge under the guise of discretion will seek to do injustice. If the judge in the first instance decides wrongly, the General Term can correct him. But there the right of review ends. This court possesses prescribed and limited powers, and its jurisdiction does not extend to review orders resting in discretion.
The appeal should be dismissed.
All concur. Appeal dismissed. •

53 N. Y., 630.

53 N. Y. 322.