NATHAN KLEIN, RESPONDENT, *v.* THE CONTINENTAL INSURANCE COMPANY, OF NEW YORK, APPELLANT (AND SEVENTEEN OTHER CASES).

*Referee — not discharged where a new trial is granted upon the ground of newly discovered evidence — agreement of parties — when the court has power to discharge a referee.*

An action was brought against the defendant upon a policy of fire insurance. The plaintiff resisted a motion for a reference therein which the court ordered; the parties then agreed upon a referee. A number of other actions by the same plaintiff, against other insurance companies interested in the same loss, were at the same time referred to the same referee. A trial was had of the first action, and the plaintiff recovered judgment, from which an appeal was taken. While this appeal was pending the defendant in the action moved for a new trial upon the ground of newly discovered evidence, which motion was granted.

The defendants in all the actions then moved for the discharge of the referee.

*Held,* that he should not be discharged.

That as nothing appeared showing him to have been unfair or unfit to decide the case upon the trial of the first action, and as the new trial had been granted only upon the ground of newly discovered evidence, it was improper to remove him.

That the court had power, under proper circumstances, to remove a referee agreed upon by the parties, where such agreement was reached only after the court had ordered a compulsory reference. That a referee so appointed was, in fact, appointed by the court, the parties merely suggesting a name which the court approved.

APPEALS by the defendant, the Continental Insurance Company, of New York, and by seventeen other insurance companies, defendants in similar actions brought against them by the plaintiff Nathan Klein, from an order, entered, in this and in each of said actions, in the office of the clerk of the county of Rensselaer on the 25th day of September, 1891, denying motions in this and in each of said actions to change the referee and appoint a new referee.

This action was brought upon a policy of insurance, issued by the defendant to the plaintiff, against loss and damage by fire. Seventeen other actions were brought against that number of insurance companies, all of which had issued policies to the plaintiff. The actions were all referred to the same referee to hear and determine, and this action was tried before such referee and resulted in a report in favor of the plaintiff, from the judgment entered upon which an appeal was taken, pending which a motion was made at Special Term by the defendant for a new trial, on the ground of newly discovered evidence, which was granted.

The defendant in each of said actions then moved for the discharge of the referee heretofore appointed in these actions, which motions were denied, and the defendant in each of said actions appealed to this court.

*A. H. Sawyer*, for the appellants.

*Levi Smith*, for the respondent.

MAYHAM, J.:

As is contended by the appellants on this motion, the practice of discharging the referee, when a judgment entered upon his report is reversed on appeal, is almost or quite universal. But the Code of Civil Procedure clothes a referee with all the powers of a judge of the court in the hearing and determination of cases referred to him, and a judgment in common law actions follows upon his report without any motion to the court, in the same manner as upon the decision of a judge; and as he is usually selected by the court, or upon stipulation of the parties with reference to his character, learning and fitness for the position, he should not be removed by the court pending the trial of a case in which he has been appointed, accepted and qualified, without good and substantial reason.

The affidavits and papers used on this motion show that these actions were all referred by order of the court on motion of the defendants against the objection and opposition of the plaintiff, but that after the Special Term had determined that they were referable actions, the parties agreed on the referee, and he was by consent named as referee in the orders of reference.

There is nothing in the affidavits used on this motion which shows that the referee has not in all respects conducted the trial had before him with judicial fairness and impartiality, or that he has been guilty of any misconduct as referee; nor does the notice of motion make partiality, unfairness or misconduct of the referee grounds of the motion; but the principal ground set out in the notice of motion are that the referee, having tried one of these actions involving substantially the question that will arise in the other cases, has fixed and settled opinions of the law and facts which he has expressed in his former decision and report which he would entertain and enter upon the trial of the other seventeen cases with strong bias against the defendants.

The affidavits used on this motion, on both sides, show that the referee made rulings on the trial adverse to the claims and contention of the respective sides, but they failed to show that they were unfair, partial or even erroneous. As the new trial, in this case, has been granted on the ground of newly discovered evidence, there is nothing in this case to show that the referee, if such evidence shall be submitted to him on another trial, will not fairly consider the same, in connection with any evidence which may be offered which has already been before him, and reach such a conclusion as the whole evidence will justify on any other trial. Upon the facts before us, we see no reason to doubt the fairness and impartiality of the referee; and this brings us to the consideration of the propriety and legal right to remove a referee who has heard and decided a case in which a new trial has been ordered, not on account of any error committed by the referee either in the trial or determination of the referee on a former trial, but solely on the ground of newly discovered evidence. The first case referred to, by the learned counsel for the appellant in his points, is that of *Dorlon* v. *Lewis* (9 How. Pr., 1). That was a motion to set aside the report of the referee for irregularity and improper conduct on the part of the referee, in allowing himself to be interviewed, after the case was submitted to him and he had reached a conclusion adverse to the plaintiff, privately, by the attorney and witness of the plaintiff, and after such interview changed his mind or report and decided in favor of the plaintiff. For such gross impartiality the report was set aside; and the court in discussing that case likens the decision of the referee, upon questions of fact,

to the verdict of a jury, and very properly condemn any tampering with a jury or referee.

The same criticism could be passed upon a judge who would allow any proper communications between himself and a party or his attorney after a case was submitted to him and held by him for consideration; such improper conduct would disqualify a juror or referee, and might furnish ground for the impeachment of a judge. But no such fact is established here. The next case cited by the appellant is *Burrows* v. *Dickinson* (35 Hun, 492). In that case the Special Term refused to set aside the report of a referee and the General Term reversed the decision of the Special Term and set aside the report. The case showed that during the progress of the trial before the referee he frequently importuned the defendant to aid him in procuring an appointment from the governor, and these importunities continued after the case was submitted; and there was reasonable cause to believe that the referee was prejudiced by the failure of the defendant to answer the last letter of the referee, which was written shortly before the report was made. That letter speaks of compensating the defendant for services, and was clearly such a communication as ought not to have been made between a referee and a party, and disclosed such relations as might well arouse suspicions in the mind of the court or of the parties.

Judge DANIELS, in commenting upon it, says: "This was the relation which the referee voluntarily placed himself in with the defendant. It was done with the expectation of securing substantial benefit, by means of his solicited exertion, and it was certainly very improper for the referee, having this action before him, to have placed himself in that situation." Other communications upon the subject of the appointment of the referee to office appear from the record, and for this reason the court set aside the report. We fail to see any analogy between the case and the one at bar. In *Livermore* v. *Bainbridge* (47 How., 354) the report of a referee was set aside for alleged misconduct, although the court exonerated the referee from any intentional wrong, on the ground that the referee might have been influenced in his report by the fact that he had suggested a settlement which had been disregarded by the plaintiff.

All these cases relate to the setting aside of reports of referees, and not to their removals, although a cause that would justify the

setting aside a report for misconduct, bias or partiality of a referee would, doubtless, be good reason for not appointing him in a similar case between the same parties, and, perhaps, good grounds for removal.

But it is insisted, on the part of the respondent, that the court has no power to remove this referee; that he is not a referee appointed by the court, but agreed upon by the parties, and that the court, in the absence of fraud or misconduct, has no power to set aside the agreement of the parties in this respect. The reference having been ordered by the court, the agreement of the parties upon the person is but a nomination by the parties, acquiesced in and appointed by the court, so that the referee was, in fact, appointed by the court, and could, in a proper case, be removed by it.

It is also insisted that this was not a proper case for a compulsory reference, but that question was passed upon adversely to the plaintiff's contention on the motion for a reference, and from that determination no appeal was taken, and must, for the purposes of this motion, be deemed *res adjudicata.*

In *Maicas* v. *Leony* (113 N. Y., 619) the power of the court to set aside an order of reference arbitrarily is denied.

But we do not put this decision upon the question of power. We agree with the learned Special Term judge that a proper case is not made for the removal of the referee in this case.

The order should be affirmed, with ten dollars costs.

LEARNED, P. J., and KELLOGG, J., concurred.

Order affirmed, with ten dollars costs and printing disbursements.