## BUFFALO COLD STORAGE CO. v. BACON et al.

(Supreme Court, Appellate Division, Fourth Department. January 12, 1910.)

1. APPEAL AND ERROR (§ 1202*)—AFFIRMANCE—RIGHT TO NEW TRIAL.

    The trial court may grant a new trial for newly discovered evidence, even though the judgment on the first trial has been affirmed by the Appellate Division.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4669; Dec. Dig. § 1202.*]

2. NEW TRIAL (§ 161*)—CONDITIONS ON GRANTING.

    Where the Supreme Court, in an action tried before a referee and decided in favor of defendant, which determination was affirmed by the Appellate Division, granted plaintiff a new trial for newly discovered evidence, it should have included in its order a condition that plaintiff pay the costs and disbursements of the former trial, including the referee's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fees and disbursements on appeal, and the costs of the motion for new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 321-323; Dec. Dig. § 161.*]

3. APPEAL AND ERROR (§ 924*)—PRESUMPTIONS.

Where, after a trial by a referee the court granted a new trial and appointed a new referee, it cannot be presumed, on appeal from the order granting a new trial, where the record does not show how the referee who tried the case was appointed, whether by stipulation or otherwise, that the order of the court failed to comply with Code Civ. Proc. § 1011, requiring that, where a new trial is granted after a trial before a referee, the court must appoint another referee, unless the stipulation expressly provides otherwise.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3726–3728; Dec. Dig. § 924.*]

McLennan, P. J., dissenting in part.

Appeal from Special Term, Orleans County.

Action by the Buffalo Cold Storage Company against Napoleon B. Bacon, impleaded with another. From an order granting plaintiff a new trial, defendant Bacon appeals. Modified and affirmed.

See, also, 123 App. Div. 916, 108 N. Y. Supp. 1126.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Albert C. Burrows, for appellant.

Norton Bros. and Thomas A. Kirby, for respondent.

WILLIAMS, J. The order should be modified, by providing that the new trial be conditional upon plaintiff's paying the costs and disbursements of the trial already had, including referee's fees and disbursements in entering judgment, and the costs and disbursements upon the appeal from such judgment to the Appellate Division, and $10 costs of the motion for a new trial, and, as so modified, affirmed, without costs of this appeal to either party.

After an examination of the record, which is somewhat voluminous, and the memorandum by the justice before whom the motion was made and who granted the order, we are not inclined to interfere with the discretion exercised in granting a new trial, except that no terms whatever were imposed as a condition of having such new trial. The defendant should not be required to surrender the benefits he has derived from the first trial and the affirmance on appeal of the judgment recovered by him, and to submit to a new trial, without any terms whatever being imposed. It was a matter of favor to the plaintiff to have a second trial ordered, and it is usual and proper that, as a condition of such favor being granted, he put the defendant back where he stood at the commencement of the first trial, so far as costs and disbursements legally taxable are concerned. The court had power to grant the new trial, even though the judgment resulting from the first trial had been affirmed in the Appellate Division; but we are unable to understand why no terms were imposed, and why the defendant makes no complaint in his points or oral argument in this court as to the failure to impose such terms.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

We cannot consent, however, to affirm the order, in this unusual and unjust condition. The terms imposed by us in our amendment to the order are burdensome, it is true; but that is no fault of the defendant. He did not render the former trial and the appeal to the Appellate Division necessary. He did not come voluntarily into court at all, and having succeeded fully now, and being entitled to full costs and disbursements, if the plaintiff desires to go over the whole ground again, he should first be compelled to pay the costs and disbursements already incurred. Such is the rule applied to cases where pleadings are amended after an appeal, and such should be the rule in cases like the present one.

The court properly appointed a new referee in the case. Section 1011 of the Code of Civil Procedure provides that, in case a new trial is granted after a trial before a referee, the court must appoint another referee, unless the stipulation expressly provides otherwise. See Brown v. Root Mfg. Co., 148 N. Y. 294, 42 N. E. 720, and Brooklyn H. R. R. Co. v. Brooklyn C. R. R. Co., 105 App. Div. 88, 93 N. Y. Supp. 849. There is nothing in the record to show how the referee who tried the case was appointed, whether by consent of the parties or otherwise. If it was done by stipulation under section 1011 of the Code, then that section controls as to the appointment of another referee upon the granting of a new trial. We cannot presume that the order was erroneous in this respect, in the absence of proof in the record that there was no stipulation, or that the stipulation expressly provided another referee should not be appointed upon the granting of a new trial. The counsel for the appellant states in his points that the first reference was made by stipulation of the parties.

Order modified, by imposing as a condition of the new trial that the plaintiff pay to the defendant the costs and disbursements of the trial already had, including referee's fees and disbursements in entering judgment to the Appellate Division, and $10 costs of the motion for a new trial, and, as so modified, affirmed, without costs of this appeal to either party. All concur, except McLENNAN, P. J., who votes for affirmance without modification, and ROBSON, J., who concurs in result only.