Pierson B. Hildreth, S.
Petitioner seeks to set aside a decree dated March 5, 1956, a stipulation dated February 28, 1956, and an agreement dated February 23, 1956, upon which such decree was made, on the grounds of misrepresentation of material facts, of mistakes of fact and of constructive fraud upon the petitioner.
The petition refers to the stipulation and agreement as being between petitioner and an alleged half brother and an alleged half sister of decedent. The agreement, in fact, was entered into by the petitioner, Jennie Johnson, an alleged sister of decedent, by the Consul General of Sweden at New York as *472 attorney in fact under duly executed power of attorney for an alleged half brother and alleged half sister of decedent, both residents of Sweden, and by one, Myra Nitchman Duck, an alleged widow of decedent. The stipulation was entered into by the respective attorneys for such parties, and also by the attorney for Dorothy Campisi, another alleged widow of decedent, on behalf of their respective clients. These instruments, taken together, were executed to effect a compromise of the claims of all of the parties claiming an interest in decedent’s estate. They agreed that Myra Nitchman Duck receive 40%, petitioner Jennie Johnson, receive 20%, and the two Swedish nationals each receive 20% of decedent’s net estate. The Surrogate accordingly, and as agreed upon by the parties, made the decree dated March 5, 1955, entitled in the proceeding on the application for letters of administration, incorporating the distributive provisions of the agreements. The record indicates that the alleged widows entered into a collateral agreement between themselves to divide between them the share to be distributed to Myra Nitchman Duck under such degree.
By another and separate decree, dated March 26, 1956, made in accordance with another agreement dated March 15, 1956, between the parties to the February 23,1956 agreement, and filed with this court, the court appointed Jennie Johnson, petitioner herein, together with the attorney for the Consul General of Sweden at New York, and together with the duly appointed temporary administrator of decedent’s estate, as administrators of the estate. This agreement of March 26, 1956 also confirmed the provisions of the February 23,1956 agreement in all respects. The petition herein makes no mention of such later decree and such later agreement and seeks no relief therefrom.
The relief sought by the petitioner on this proceeding is limited to relief with respect to and against the two parties represented by the Swedish Consul as attorney in fact. The petition affirmatively indicates the petitioner seeks no relief against the interest of Myra Nitchman Duck or those claiming under her or against her rights under the compromise set forth in the agreement of February 23, 1956, and the stipulation of February 28, 1956, and as approved by the court and incorporated in the decree of March 5, 1956.
The petition alleges that as the result of extensive searches of records in Sweden over a period of 28 months from January, 1956 the petitioner is now prepared to prove that she is the sole surviving sister and distributee óf the decedent, although she was not able to prove or establish such relationship when she joined in the agreements of settlement.
*473 Upon the evidence and proofs given upon the hearing, it is the opinion of the court that the petitioner has failed to establish a sufficient basis for the court to grant the relief prayed for. Petitioner does not claim affirmative fraud on the part of anyone. The alleged constructive fraud and misrepresentation of material facts is said to arise from the exhibition by the attorney for the Consul to petitioner’s attorney of four birth certificates including that of the decedent, of petitioner, and of each of the two claimants residing in Sweden, and of advocating the truth of the information therein set forth. It is admitted that such documents are true, full and correct copies of the birth records of the individuals concerned. It is admitted and testified to by petitioner’s attorney that the documents exhibited to him by the attorney for the Consul and the information therein contained were not accepted at face value by him and were not relied upon; that he and petitioner decided to investigate and make their own investigation and inquiries concerning the family status of petitioner and her relationship to the decedent and others. There is no satisfactory showing of material mistakes of fact existing at the time of the compromise. On the contrary, it appears that all of the parties to the compromise and in particular petitioner and her attorney were fully aware of the factual situation and the problems and issues of fact and law then existing. As expressed in the very agreement sought to be vacated herein, considering the factual and legal problems concerning family relationships, the delay, expense and uncertainty of litigation, and the desire for adjusting disputes, all parties agreed upon a settlement which each party deemed to be in his best interest and which would enable administration to proceed. They even provided that the compromise arrangements would remain effective if a will should be found. Petitioner was at all times represented by her own able and experienced counsel. There is no merit to a claim that the Consul withheld any information or records or that he was under a duty or obligation to represent or act for the petitioner. In fact, all parties seem to have fully disclosed to the others whatever data they possessed before the settlement was made.
There are other factors which require the court to dismiss the petition. Petitioner seeks to set aside the settlement only in part. The petitioner may not both affirm and disaffirm the compromise. She may not take the benefit of the compromise with respect to compromising the claims of decedent’s alleged widows and at the same time repudiate it with respect to the claimants residing in Sweden. (Lumber Mut. Cas. Ins. Co. v. Friedman, 176 Misc. 703; Saranac Land & Timber Co. v. Roberts, 100 Misc. *474 511; 17 C. J. S., Contracts, § 416.) Furthermore, in the opinion of the court, the proofs do not establish that petitioner is the sole distributee and that the respondents residing in Sweden are not distributees of decedent. Even if at the time of the compromise the petitioner had been in possession of the knowledge and proofs of family status she now claims to have, and everything else then was the same, no one can say that the parties would not have made the same settlement.
The application is accordingly denied and the petition is dismissed, with costs to respondents represented by the Consul payable out of the estate.